IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC VASQUEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PETITION FOR RELIEF PURSUANT TO WRIT OF CORAM NOBIS<br><br><br><br>Case No. 2:07-CR-453 TS |

This matter is before the Court on Defendant's Petition for Relief Pursuant to Writ of Coram Nobis. For the reasons discussed below, the Court will deny the Petition.

I. BACKGROUND

Defendant Eric Vasquez was named in an Indictment on July 18, 2007, charging him with failure to appear. Defendant pleaded guilty on November 12, 2008. On December 17, 2008, Defendant was sentenced to 15 months imprisonment. Judgment was entered on December 31, 2008. Defendant did not seek direct appeal and did not file a motion under 28 U.S.C. § 2255. Defendant filed his Petition on June 22, 2012. In his Petition, Defendant argues that his plea was not voluntary and that he received ineffective assistance of counsel.

1

## II.  DISCUSSION

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."[1]  As a result, Defendant "is not entitled to [coram nobis] relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate."[2]  In this case, Defendant has failed to provide an explanation as to why he could not have pursued relief under § 2255.  "It is irrelevant that a § 2255 motion would have been untimely by the time he filed his petition for a writ of coram nobis."[3]  Therefore, Defendant has failed to show that relief under § 2255 was unavailable or inadequate.  Further, Defendant cannot challenge his conviction in a coram nobis proceeding because he was still in custody when he filed his petition.[4]  Therefore, the Court must deny Defendant's Petition.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Petition for Relief Pursuant to Writ of Coram Nobis (Docket No. 21) is DENIED.

---

[1] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted).

[2] *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011).

[3] *Id*. at 1113.

[4] *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis.")

DATED   August 14, 2012.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge